UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN LOHBECK,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

Defendant.

No.  2:25-cv-3616 DAD AC PS

ORDER and FINDINGS AND RECOMMENDATIONS

Defendants removed this case from Sacramento County Superior Court on December 15, 2025.  ECF No. 1.  Plaintiff is proceeding in pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Defendant filed a motion to dismiss.  ECF No. 5.  Plaintiff opposed the motion (ECF No. 8) and filed a motion to remand to state court (ECF No. 4).  Plaintiff then filed a second motion to remand (ECF No. 10), a motion to set a status conference (ECF No. 11), a request for motion calendar (ECF No. 12), and two motions for leave to file a sur-reply (ECF Nos. 14, 16).

On January 5, 2026, plaintiff filed a First Amended Complaint. (ECF No. 18).  The filing of the First Amended Complaint has rendered moot defendant's initial motion to dismiss, plaintiff's motions to remand, plaintiff's motions to file sur-replies, and plaintiff's requests for hearings.  Accordingly, it is hereby ORDERED that the motions at ECF Nos. 4, 5, 10, 11, 12, 14, and 16 are DENIED as MOOT.

1

Shortly after filing the operative First Amended Complaint, plaintiff filed a motion to remand.  ECF No. 20.  Plaintiff filed a subsequent motion to remand and for sanctions (ECF No. 29) and another request for sanctions (ECF No. 32).  The court has reviewed the motions for sanctions (ECF Nos. 29 and 32) and finds them meritless on their face.  The motions for sanctions are accordingly DENIED.

The court has also reviewed the motion to remand (ECF No. 20) and recommends for the reasons set forth below that this motion be DENIED.

Defendant responded to the First Amended Complaint with a Motion to Dismiss.  ECF No. 25.  Plaintiff opposed the motion.  ECF No. 31.  For the reasons set forth below, the undersigned recommends the motion to dismiss be GRANTED with partial leave to amend.

## I.  The Complaint

The operative First Amended Complaint ("FAC") relates to alleged violations of law in defendant Chase's handling of Automated Clearing House ("ACH") debit transactions and overdraft fee assessments that occurred between January 12, 2022, and December 15, 2025.  ECF No. 18 at 1.  The FAC states that "This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiff asserts claims arising under federal law."  Id.

The FAC alleges as follows.  Plaintiff maintained a personal checking account with Chase during the period of January 12, 2022, through December 15, 2025.  ECF No. 1 at 2.  During this period, Chase repeatedly authorized and paid ACH debit transactions presented against plaintiff's account despite insufficient funds.  Id.  Plaintiff did not opt into any overdraft program authorizing Chase to pay ACH debits against insufficient funds for the purpose of generating overdraft fees.  Id.  Chase's internal systems allowed ACH debits to be paid even when the account balance was negative.  Id.  After paying these ACH debits, Chase immediately assessed overdraft fees to plaintiff's account, often assessing multiple fees in a single day.  Plaintiff alleges the overdraft fees were not caused by his own actions, but by Chase's discretionary decision to pay ACH debits instead of declining them.  Id.

Plaintiff alleges Chase's conduct created a cycle in which: (1) an ACH debit was presented; (2) Chase paid the debit despite insufficient funds; (3) Chase charged an overdraft fee;

2

(4) the fee deepened the negative balance; (5) subsequent ACH debits triggered additional fees. Id. at 2.  Plaintiff alleges that Chase did not provide clear or conspicuous disclosures informing plaintiff that it would intentionally pay ACH debits against insufficient funds and then charge overdraft fees, and so plaintiff reasonably expected that ACH debits would be declined when insufficient funds were available.  Id. at 2-3.  Further, plaintiff alleges that his account statements did not accurately reflect how overdraft fees were being generated.  Id. at 3.

Plaintiff alleges he incurred substantial financial loss due to defendant's actions, including "hundreds or thousands of dollars in overdraft fees."  ECF No. 18 at 3.  Plaintiff alleges 14 causes of action, including: (1) breach of contract; (2) negligence; (3) unfair business practices; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) breach of implied covenant of good faith and fair dealing; (7) Regulation E; (8) conversion; (9) unjust enrichment; (10) fraud/deceit; (11) constructive fraud; (12) accounting; (13) declaratory relief; and (14) injunctive relief.  Id. at 3-6.  Plaintiff requests unspecified compensatory damages, statutory damages, punitive damages, restitution, injunctive relief, and declaratory relief.  Id. at 6. Plaintiff attaches bank statements to the FAC, one of which shows a "year-to-date" accounting of overdraft fees for 2025 as $925.00 paid, and $442.00 refunded.  Id. at 13.

## II.  Motion to Remand

A defendant who is sued in state court may remove to the appropriate federal district court any civil action over which the district courts have original jurisdiction.  See 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction, respectively."  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).  Defendants removed this case from state court on the basis that there is diversity jurisdiction.  ECF No. 1 at 2.  Defendant asserted the amount in controversy exceeded

////

3

the $75,000.00 threshold because, in the operative state court complaint, plaintiff purported to seek $30,000,000 in damages.  ECF Nos. 1 at 3; 1-1 at 15.

"Under § 1447(c), the district court must remand '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]' " Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014).  "The general rule governing removal of actions from the state court to federal court is that for a district court to have federal question removal jurisdiction, a federal cause of action must appear on the face of the complaint." Felton v. Unisource Corp., 940 F.2d 503, 506 (9th Cir. 1991) (citations omitted).  Although original complaint did not contain a federal claim, the FAC expressly states that this court has jurisdiction because there is a federal claim.  ECF No. 18 at 1.  Defendant now points to plaintiff's inclusion of a federal claim as a basis for jurisdiction, and continues to contend there is diversity jurisdiction because "Plaintiff admits he is a citizen of California (ECF No. 29 at p. 4), and with respect to its own citizenship, Chase has satisfied its burden that it is a citizen of Ohio with ample evidence and case law." ECF No. 33 at 3-4.  Plaintiff's motion for remand focuses on the citizenship of the parties, arguing that Chase has not adequately demonstrated that it is a citizen of Ohio.  ECF No. 20 at 2.  Plaintiff does not acknowledge, even in reply, his own invocation of federal question jurisdiction.  ECF No. 35 at 6.

Plaintiff's motion to remand must be denied because the amended complaint both asserts federal question jurisdiction and brings a federal claim; the court accordingly has federal question jurisdiction.  "It is well-established in [the Ninth] circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) (internal citation omitted).  Thus, the operative FAC controls, and cause of action number seven presents a federal claim: violation of Regulation E, which implements the federal Electronic Funds Transfer Act, published in 76 Fed. Reg. 81,020 (Dec. 27, 2011); 12 C.F.R. § 1005.1(a).  Widjaja v. JPMorgan Chase Bank, N.A., 21 F.4th 579, 582 (9th Cir. 2021).  Plaintiff's assertion of this federal claim, and his express invocation of federal question jurisdiction in the operative FAC (ECF No. 18 at 1), undercuts the motion to remand.  The motion to remand (ECF No. 20) must accordingly be DENIED.

**III.  Motion to Dismiss**

Defendant moves to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 25 at 12.  In the alternative, defendant moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Id. at 13.

A.      Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint."  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'"  Zixiang Li v. Kerry, 710 F.3d 995, 998 (9th Cir. 2013) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  While detailed allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability ... 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In order to survive a motion to dismiss, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)).  In reviewing a complaint on a motion

5

to dismiss the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept legal conclusions cast in the form of factual allegations as true, nor must it accept allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to be made aware of the deficiencies in the complaint and given an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B.    Claim One: Breach of Contract

To state a claim for breach of contract, a plaintiff must plead: (i) the existence of a contract; (ii) that he performed his contractual obligations; (iii) that the defendant breached a contractual provision; and (iv) that the defendant's breach caused plaintiff to incur damages. Richman v. Hartley, 224 Cal. App. 4th 1182, 1186 (2014). Indeed, "it is absolutely essential to plead the terms of the contract either in haec verba or according to legal effect." Twaite v. Allstate Ins. Co., 216 Cal. App. 3d 239, 252 (1989). Where the complaint fails to plead the provision that was breached, the claim must be dismissed. See, e.g., Soper v. United Airlines, Inc., No. 8:23-CV- 02325-FWS-ADS, 2024 WL 3305770, at *4 (C.D. Cal. Apr. 19, 2024)

6

(dismissing breach of contract claim because plaintiff failed to allege a contractual provision that defendant breached).

Here, plaintiff did not identify a specific contract that was breached, nor any specific terms that were breached. ECF No. 18. Plaintiff argues for the first time in his opposition to the motion to dismiss that the "contract at issue is the Chase Deposit Account Agreement ('DAA')," but he does not attach the contract to the FAC or otherwise state its terms. ECF No. 26 at 1. Because the operative FAC does not include the necessary information to state a breach of contract claim, the claim must be dismissed. However, leave to amend is recommended to give plaintiff the opportunity to allege facts that can support a breach of contract claim.

     C.    Claim Two: Negligence

Plaintiff cannot state a claim for negligence against Chase. "[T]o recover on a theory of negligence, plaintiff must prove duty, breach, causation, and damages." Truong v. Nguyen, 156 Cal. App. 4th 865, 875 (2007) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095 (1991) (citation omitted). This is a question of law to be decided by the court. Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004). "The determination that a defendant owed the plaintiff no duty of care is a complete defense to a cause of action for negligence." Brooks v. Eugene Burger Mgmt. Corp., 215 Cal. App. 3d 1611, 1613 (1989) (emphasis added).

"[W]hether to recognize a duty to protect is governed by a two-step inquiry." Brown v. USA Taekwondo, 11 Cal. 5th 204, 209 (2021). "First, the court must determine whether there exists a special relationship between the parties or some other set of circumstances giving rise to an affirmative duty to protect." Id. at 209. "Second, if so, the court must consult the factors described in [Rowland v. Christian, 69 Cal. 2d 108 (1968)] to determine whether relevant policy considerations counsel limiting that duty." Id. California courts routinely refuse to find that a special relationship exists between a bank and its customers when the parties operate in conventional roles. See, e.g., Nymark, 231 Cal. App. 3d at 1096 (holding that financial institutions generally do not owe a legal duty of care to customers where the parties operate in

7

conventional roles).  Because Chase, as a bank operating in its conventional role, owed no special duty of care to plaintiff as a matter of law, plaintiff cannot state a claim for breach of contract.

Additionally, the economic loss rule bars plaintiff's negligence claim.  "Generally speaking, in actions for negligence, liability is limited to damages for physical injuries and recovery of economic loss is not allowed."  Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc., 315 F. App'x 603, 605 (9th Cir. 2008).  "Until physical injury occurs—until damage rises above the level of mere economic loss—a plaintiff cannot state a cause of action for strict liability or negligence."  S.F. Unified Sch. Dist. v. W.R. Grace & Co., 37 Cal. App. 4th 1318, 1327 (1995).  Here, the harm allegedly suffered by plaintiff as a result of Chase's alleged actions are "financial losses… time disputing charges; and emotional distress."  ECF No. 18 at 3.  Accordingly, because the FAC does not adequately plead a duty or non-economic damages, the negligence claim fails under Rule 12(b)(6).  Leave to amend is not recommended because amendment cannot cure the defects in this claim.

D.    Claim Three: UCL Violation

Plaintiff's FAC does not state a claim for unfair competition.  California's Unfair Competition Law ("UCL") prohibits "unlawful, unfair or fraudulent business act[s] or practices[s]."  Cal. Bus. & Prof. Code § 17200.  "Each of these three adjectives captures a 'separate and distinct theory of liability.'"  Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010) (quoting Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009)).  "Under the UCL's unfairness prong, courts consider either: (1) whether the challenged conduct is 'tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law,' (2) whether the practice is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers,' or (3) whether the practice's impact on the victim outweighs "the reasons, justifications and motives of the alleged wrongdoer."  Doe v. CVS Pharmacy, Inc., 982 F.3d 1204, 1214–15 (9th Cir. 2020)(internal citations omitted).

Plaintiff's UCL claim fails because he does not identify a specific unfair act or practice by Chase that forms the basis of the claim.  Plaintiff does not identify any challenged disclosure or

contract language, and the conclusory allegation that Chase's conduct was "unfair" is not tethered to any statutory, constitutional, or regulatory standard. Doe v. CVS Pharmacy, Inc., 982 F.3d 1204, 1214-15 (9th Cir. 2020). Accordingly, the claim must be dismissed. However, leave to amend is recommended to give plaintiff the opportunity to allege facts that can support a UCL claim.

E.      Claim Four: Intentional Infliction of Emotional Distress

The FAC does not allege facts to support an Intentional Infliction of Emotional Distress ("IIED") claim. The elements of the tort of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" Christensen v. Superior Court, 54 Cal. 3d 868, 902 (1991) (quoting Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982)). To be "outrageous," conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized society. Trerice v. Blue Cross of California, 209 Cal. App. 3d 878, 883 (1989). The FAC makes the conclusory statement that Chase's conduct was "extreme and outrageous," but the facts alleged do not support that characterization. ECF No. 18 at 5. Further, there is no allegation as to intent. Id. The facts presented in the FAC make clear that an IIED claim is not available, and the cause of action should be dismissed without leave to amend because the facts that are demonstrate that amendment cannot cure the defects in this claim.

F.      Claim Five: Negligent Infliction of Emotional Distress

Plaintiff cannot state a claim for Negligent Infliction of Emotional Distress ("NIED"). In California, "there is no independent tort of negligent infliction of emotional distress. The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984, 25 Cal.Rptr.2d 550, 863 P.2d 795 (1993) (internal citations omitted). As explained above, plaintiff does not and cannot state a negligence claim. The NIED claim is duplicative of the negligence claim and must also be dismissed without

////

9

leave to amend.  Leave to amend is not recommended because it is clear that amendment cannot cure the defects in this claim.

G.      Claim Six: Breach of Implied Covenant of Good Faith & Fair Dealing

The FAC does not state a claim for breach of the implied covenant of good faith and fair dealing because plaintiff does not allege a specific provision of any contract connected to his claim.  The implied covenant of good faith and fair dealing is a contract-based claim and is limited to assuring compliance with the express terms of the contract.  Racine & Laramie, Ltd. v. Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1032 (1992).  It cannot impose substantive duties or limits on the contracting party beyond those incorporated in the specific terms of their agreement.  Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 349-350 (2000).  Because plaintiff has not identified a contract or contractual obligation breached in the FAC, this claim cannot survive.  However, leave to amend is recommended to give plaintiff the opportunity to allege facts that can support an implied covenant of good faith and fair dealing claim.

H.      Claim Seven: Regulation E Violation

The FAC, as drafted, does not state a Regulation E violation.  The EFTA governs "electronic fund transfers" which is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account."  15 U.S.C. § 1693a(7).  An "unauthorized electronic fund transfer" requires that the "the consumer receive[] no benefit" from the transfer.  15 U.S.C. § 1693a(12).  See e.g., Aikens v. Portfolio Recovery Assocs., LLC, 716 F. App'x 37, 40 (2d Cir. 2017) (payment reducing debt is a benefit received by the consumer).  Importantly, a financial institution violates Section 1693f only when it fails to correct an error after receiving notice of the error.  15 U.S.C. § 1693f ("If a financial institution . . . receives oral or written notice").

Plaintiff's EFTA claim consists of the conclusory assertions that Chase "failed to provide required disclosures" and "improperly processed electronic fund transfers."  ECF No. 18 at 5.  The claim fails for several independent reasons.  First, plaintiff fails to identity any specific

10

"electronic fund transfer" that is the subject of the claim. Second, to the extent the claim is based on the investigation of an allegedly unauthorized transaction following a dispute submitted by plaintiff, plaintiff fails to plead the requisite timely notice of an "error" to Chase or specify how Chase mishandled such an investigation. Third, to the extent the claim is based on disclosures, plaintiff fails to identify what disclosures Chase failed to provide. For these reasons, the claim should be dismissed. However, leave to amend is recommended to give plaintiff the opportunity to allege facts that can support a Regulation E claim.

### I.    Claim Eight: Conversion

Plaintiff does not state a claim for conversion. "Conversion is the wrongful exercise of dominion over the property of another." Greif v. Sanin, 74 Cal. App. 5th 412, 449 (2022), quoting Burlesci v. Petersen, 68 Cal.App.4th 1062, 1066 (1998). To state a claim, "a plaintiff must show (1) his ownership of or right to possess the property at the time of the conversion, (2) that the defendant disposed of the plaintiff's property rights or converted the property by a wrongful act, and (3) damages." Bank of New York v. Fremont General Corp., 523 F.3d 902, 914 (9th Cir. 2008) (internal citations omitted). Importantly, "money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved." Wells Fargo Bank, Nat'l Ass'n v. Transamerica Life Ins. Co., No. 19-cv-06478, 2020 WL 833518, at *13 (C.D. Cal. Feb. 19, 2020) (quoting Voris v. Lampert, 7 Cal. 5th 1141, 1150 (2019)).

Here, the FAC alleges only that Chase assessed unspecified overdraft fees on plaintiff's account. ECF No. 18 at 5. This claim fails as a matter of law. "The relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor. A bank may not be sued for conversion of funds deposited with the bank." Gutierrez v. Wells Fargo & Co., 622 F. Supp. 2d 946, 956 (N.D. Cal. 2009). Accordingly, the undersigned recommends this cause of action be dismissed without leave to amend. Leave to amend is not recommended because it is clear that amendment cannot cure the defects in this claim.

### J.    Claim Nine: Fraud/Deceit

The FAC does not state a fraud claim. Federal Rule of Civil Procedure 9(b) requires that a claim for fraud be pled with particularity. Fed. R. Civ. P. 9(b). To avoid dismissal for failure to

meet the heightened pleading standard under Rule 9(b), a plaintiff must "identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'"  Cafasso, United States, ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations omitted). Here, the FAC's limited factual allegations do not meet the Rule 9 pleading standard.  The fraud claim contains no factual allegations whatsoever, only the conclusory assertion that "Chase misrepresented how overdraft fees would be assessed" and that plaintiff relied on the misrepresentations.  ECF No. 18 at 6.  In his opposition, plaintiff expands on these allegations to allege that "Chase…mispresent[ed] available balance and posting order" in a "mobile app" sometime in "2022-2025."  ECF No. 31 at 5-6.  This is still insufficient, and the claim must be dismissed.  However, leave to amend is recommended to give plaintiff the opportunity to allege facts that can support a fraud claim.

### K.    Claims Ten through Fourteen: Derivative Claims/Remedies

Plaintiff's remaining claims for unjust enrichment, injunctive relief, declaratory relief, and punitive damages are not viable independent claims.  Unjust enrichment, injunctive relief and declaratory relief are not independent causes of action in California.  See, e.g., Low v. LinkedIn Corp., 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) ("California does not recognize a stand-alone cause of action for unjust enrichment"); see also Jensen v. Quality Loan Service Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("a separately pled claim or cause of action for injunctive relief is inappropriate"); Nguyen v. JP Morgan Chase Bank, No. SACV1101908DOCANX, 2012 WL 13019941, at *4 (C.D. Cal. Apr. 16, 2012) ("[c]ourts in California generally classify an accounting as a remedy and not a cause of action").  With respect to the declaratory relief claim, courts require that a plaintiff state a "viable claim under one of his aforementioned theories of relief."  Accordingly, because these are not independent causes of action and because plaintiff has not stated any viable claim, these causes of action must be dismissed.  Plaintiff may reassert requests for remedies addressed within these causes of action in a second amended complaint should he choose to file one, but they should not be alleged as independent legal claims.

12

**IV.  Leave to Amend**

It is recommend that if the District Judge adopts these findings and recommendations, that plaintiff be given leave to file an amended complaint to assert facts to support the following claims: (1) breach of contract; (2) violation of California's Unfair Competition Law; (3) violation of the covenant of good faith and fair dealing; (4) violation of the EFTA's Regulation E; and (5) fraud.  If plaintiff chooses to amend the complaint, the second amended complaint must allege sufficient facts to establish the basic elements of each legal claim asserted, and the second amended complaint should not include the causes of action asserted in the FAC that are dismissed without leave to amend.

The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b).  Forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at

13

1179. Also, the amended complaint must not refer to a prior pleading or a separate motion to make plaintiff's amended complaint complete.

Any amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## V. Pro Se Plaintiff's Summary

Your motion to remand is being rejected because in your First Amended Complaint you brought a federal claim and invoked this court's federal question jurisdiction. It is recommended to the district judge that your First Amended Complaint be dismissed, but that you be given an opportunity to file a Second Amended Complaint. It is recommended that this Second Amended Complaint include only your claims for (1) breach of contract; (2) violation of California's Unfair Competition Law; (3) violation of the covenant of good faith and fair dealing; (4) violation of the EFTA's Regulation E; and (5) fraud. You need to provide enough facts to support each element of each claim; it is not enough to simply write out the elements and say they are met. If you disagree with these recommendations, you may file objections within 30 days. The District Judge will make the final decision.

## VI. Order and Findings and Recommendations

For the reasons explained above, it is HEREBY ORDERED that:

1. The motions at ECF Nos. 4, 5, 10, 11, 12, 14, and 16 are DENIED as MOOT in light of the Amended Complaint and other subsequent filings; and

2. Plaintiff's motions for sanctions at ECF Nos. 29 and 32 are DENIED.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to remand (ECF No. 2) be DENIED; and

2. Defendant's motion to dismiss (ECF No. 25) be GRANTED, and that the First Amended

14

Complaint be DISMISSED with partial leave to amend, as follows:

    a. Plaintiff be given leave to file a Second Amended Complaint which amends the following claims: (1) breach of contract; (2) violation of California's Unfair Competition Law; (3) violation of the covenant of good faith and fair dealing; (4) violation of the EFTA's Regulation E; and (5) fraud; and that

    b. Plaintiff's claims for (1) negligence; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) conversion, be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 6, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

15