UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN LOHBECK,

Plaintiff,

v.

JPMORGAN CHASE BANK, NA,

Defendant.

No. 2:25-cv-03616-DAD-AC PS

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO REMAND, AND GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND GRANTED ONLY AS TO CERTAIN CLAIMS

(Doc. Nos. 20, 25, 38)

Plaintiff Stephen Lohbeck is proceeding *pro se* in the above-captioned civil action. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On April 6, 2026, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to remand this action to state court (Doc. No. 20) be denied and that defendant's motion to dismiss (Doc. Nos. 25) be granted, with plaintiff being granted leave to file a second amended complaint only as to certain identified claims. (Doc. No. 38.) Specifically, the magistrate judge concluded that plaintiff's amended complaint asserted federal claims over which this court has federal question jurisdiction and that plaintiff's motion to remand based upon a challenge to defendant's removal of the action upon diversity jurisdiction no longer provided a basis for the remand of this action. (*Id.* at 3–4.) As to defendant's motion to dismiss, the magistrate judge found that plaintiff's complaint failed to adequately allege a

breach of contract claim, failed to assert a cognizable negligence claim, failed to adequately allege facts sufficient to state a claim for violation of California's Unfair Competition Law (UCL), failed to state a cognizable claims for intentional or negligent infliction of emotional distress, had not alleged sufficient facts to state a claim for breach of the implied covenant of good faith and fair dealing, failed to sufficiently allege a claim for violation of the EFTA's Regulation E, failed to state a cognizable claim for conversion, failed to adequately allege facts in support of a fraud claim, and failed to state cognizable claims for unjust enrichment, injunctive relief, declaratory relief and for punitive damages because none of these were independent causes of action. (*Id.* at 5–12.) The magistrate judge recommended that plaintiff be granted leave to file a second amended complaint only as to those claims identified above where dismissal was based on the failure to allege sufficient facts in support of the claim and that leave to amend be denied as to all claims found not to be cognizable because amendment as to those claims would be futile in light of their deficiency. (*Id.* at 13–14.)

The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days of service. (*Id.* at 15.) To date neither party has filed objections to the April 6, 2026 findings and recommendations and the time in which to do so has passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on April 6, 2026 (Doc. No. 38) are adopted in full;
2. Plaintiff's motion to remand (Doc. No. 20) is denied;

---

[1] Although no objections were filed by the parties to the pending findings and recommendations, on June 11, 2026, plaintiff filed a motion for leave to file an amended complaint, attaching a proposed Second Amended Complaint which he purports cures the deficiencies noted in the findings and recommendations. (Doc. No. 52.) Defendant has opposed that motion. (Doc. No. 53) and plaintiff has filed a reply and an unauthorized reply in support of the motion (Doc. Nos. 54, 55).

3. Defendant's motions to dismiss (Doc. No. 25) is granted and plaintiff's First Amended Complaint is dismissed with partial leave to amend as follows:

   a. Plaintiff is granted leave to file a Second Amended Complaint which amends only the following claims: (1) breach of contract; (2) violation of California's Unfair Competition Law (UCL); (3) violation of the covenant of good faith and fair dealing; (4) violation of the EFTA's Regulation E; and (5) fraud;

   b. Plaintiff's claims for: (1) negligence; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) conversion, are dismissed with prejudice and without further leave to amend;

4. Plaintiff is directed to file any Second Amended Complaint within thirty (30) days of the date of this order and plaintiff is forewarned that his failure to do so within the time provided may result in the dismissal of this action; and

5. This case is referred back to the magistrate judge for further proceedings, including the issuance of findings and recommendations addressing plaintiff's June 11, 2026 motion for leave to file an amended complaint if appropriate.

IT IS SO ORDERED.

Dated: **September 17, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE